UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICHARD RADTKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-875-JD-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Richard Radtke, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing (ISP 17-08-384) at the Indiana State Prison on August 21, 2017, where a Disciplinary Hearing Officer (DHO) found him guilty of Trafficking in violation of Indiana Department of Correction (IDOC) policy A-113. ECF 1 at 1. As a result, he lost 180 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.*

In his petition, Radtke raises four grounds which he argues entitle him to habeas corpus relief. In all four grounds, he argues there were violations of state policy. ECF 1 at 2-3. However, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*,

271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process").

However, the court will examine the substance of his arguments to see if his claims also raise constitutional questions. In Grounds One, Two, and Four, Radtke argues he was charged with an offense that does not exist. ECF 1 at 2-3. He acknowledges he was found guilty of trafficking in violation of A-113 which requires "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. However, he argues the conduct report "clearly states that [he] trafficked with another offender in the same facility." ECF 1 at 2. In essence, he is arguing that because the conduct report mentions another inmate in the same facility, there is not sufficient evidence to find that he trafficked with someone who is not a fellow inmate at his prison.

"In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support

2

the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report states, in pertinent part:

> On 08/2/17 at 1:30 p.m., Offender Radtke, Richard # 863530 was returning from his work assignment from the outside construction crew. During the search of Offender Radtke, Richard # 863530 and his property Officer Joseph Takacs located 3 bags stuffed down into the toe of his work boot. Bag # 1 was a brown leafy substance (Tobacco), bag # 2 was a brown wet looking substance (chewing tobacco) and bag # 3 was a green leafy substance consistent with the look and smell of a Synthetic Marijuana (K-2). Bags 1 and 2 total weight, 3.4 ounces, bag 3 green leafy substance was 16 grams.

ECF 1 at 6.

Though the conduct report also discusses how Radtke distributed the contraband within the prison, it clearly explains that he brought it into the prison from outside. As such, it was not arbitrary for the DHO to have concluded that he was guilty of trafficking with someone outside of the prison to obtain the contraband.

3

In Ground Three, Radtke argues the conduct report was not written until almost two weeks after he was found with contraband in his boot. Though it is unclear why prison officials waited to write the conduct report, it is clear *Wolff* did not set a deadline for doing so. *See Sanchez v. Miller*, 792 F.2d 694, 702 (7th Cir. 1986) (observing that *Wolff* only "sets forth specific minimum procedures and expressly leaves the development of additional safeguards to the discretion of the prison authorities").

For these reasons, the petition is DENIED pursuant to Section 2254 Habeas Corpus Rule 4 and the clerk is directed to CLOSE this case.

SO ORDERED on March 13, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT